UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14170-CV-ROSENBERG
MAGISTRATE JUDGE REID

BEN JERMAINE SMITH,

        Petitioner,

v.

MARK S. INCH,
SEC'Y, FLORIDA DEP'T OF CORR.

        Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.    Introduction

This matter is before the Court upon the petition for writ of habeas corpus,

filed pursuant to 28 U.S.C. § 2254, by the *pro se* petitioner, Ben Jermaine Smith, a

convicted state felon, challenging the constitutionality of his conviction and sentence

for sale, delivery, or possession with intent to sell or deliver marijuana and cocaine,

and possession with intent to sell or deliver methamphetamine. [ECF No. 1]. The

conviction is the result of Petitioner's *nolo contendere* plea in the Circuit Court of

the Nineteenth Judicial Circuit, Martin County Case No. 432014CR000630. [*Id.*].

This cause has been referred to the Undersigned for consideration and report

pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules

8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the petition [ECF No. 1], together with the State's response to the Court's order to show cause [ECF No. 8] and its supporting exhibits consisting of all pertinent portions of the underlying criminal file, transcripts of the relevant proceedings, and the subsequent appellate filings and decisions. [ECF No. 9-1, 10-1, 10-2]. Petitioner's reply is also considered. [ECF No. 13].

For the reasons stated below, this § 2254 petition should be DENIED.

## II.   Claims

Construing the petition liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1973), Petitioner raises the following four claims:

1. Counsel was ineffective for failing to argue in the motion to suppress that the officer did not have probable cause and exceeded the limits of the scope of a pat-down search when the officer removed the "squishy ball object" from inside Petitioner's shorts under the plain-feel doctrine. [ECF No. 1 at 4-6].

2. Counsel was ineffective for failing to present video evidence from the dash camera on the police car, which would have shown that the police exceeded the scope of a pat-down search during the routine traffic stop. [*Id.* at 6-8].

3. Counsel was ineffective for misadvising Petitioner that he would only receive ten years in prison if he entered an open plea to the court. [*Id.* at 8-10].

2

4. The trial court erred in denying Petitioner's motion to suppress. [*Id*. at 10].

## III.   Procedural History

### A. *Information and Motion to Dismiss*

Petitioner was charged in a three-count Information with various drug charges: the sale, delivery, or possession with intent to sell marijuana and cocaine and possession with the intent to sell or deliver methamphetamine, all three counts in violation of Fla. Stat. § 893(1)(a). [ECF No. 9-1 at 14].

Private counsel, Mr. Berg, filed a motion to suppress evidence resulting from an illegal search of Petitioner's person following the traffic stop. [ECF No. 9-1 at 16-17]. According to the motion, law enforcement exceeded the limited scope of the consent to search because Petitioner withdrew his consent to search his person during the unlawful search. [*Id*. at 17]. On September 11, 2015, the trial court held a suppression hearing on the motion. [ECF No. 10-1 at 1-53]. Counsel made the same argument presented in the motion and, specifically, challenged the pat-down search when the officer removed the object; still, the trial court denied the motion. [*Id*.].

### B. *Guilty Plea, Sentencing, and Direct Appeal*

By his own signature on the "Felony Plea Form," Petitioner entered a "No Contest" plea. [ECF No. 9-1 at 52-58]. Petitioner agreed to enter the plea "regardless of the recommendations of [his] lawyer and the State Attorney, the court may

3

sentence [him] to any legal sentence, including the maximum sentence by law." [*Id.* at 53]. He understood that the maximum possible penalty was thirty-five years in prison and a $25,000 fine. [*Id.* at 55]. Petitioner also understood that he was giving up his trial rights and the rights of the accused and believed the plea was in his best interest. [*Id.* at 56]. He acknowledged that he was entering his plea freely and voluntarily and with a full understanding of the contents of the Information and the plea form. [*Id.* at 57]. Additionally, Petitioner confirmed that counsel explained the contents of the plea form and that he understood what he was doing and everything in the form. [*Id.* at 57-58].

At his change of plea hearing, Petitioner was represented by court-appointed counsel, Ms. Duteau. [ECF No. 10-1 at 1, 54]. Under oath, Petitioner explained his educational background, admitted he initialed and signed the plea form, and confirmed he reviewed the plea form with his attorney. [*Id.* at 55]. The court informed him of the charges and the maximum sentences he faced – a total of thirty-five years in prison. [*Id.* at 55-56]. Petitioner confirmed his understanding. [*Id.*]. He also acknowledged he was waiving his trial rights and rights of the accused. [*Id.* at 56-58]. He understood his plea would mean "the case is over and finished" and would be sentenced the same day. [*Id.*].

The court asked Petitioner if he had ever been to prison and what was his longest sentence. [*Id.* at 57]. Petitioner admitted to spending "fifteen years" in

4

prison. [*Id*.]. The court warned Petitioner, "it doesn't get much better in here." [*Id*.]. Petitioner acknowledged that he spoke with his attorney about all of the matters presented to him by the court. [*Id*. at 59]. The court asked Petitioner if he needed more time to speak with counsel about his open plea, Petitioner replied, "I'm okay with [going ahead]." [*Id*.]. Petitioner denied that anyone was forcing him to plead guilty, that anyone threatened or pressured him, and he was not under the influence of any substance. [*Id*. at 60]. Petitioner confirmed he wanted to enter his plea. [*Id*. at 62].

The court found a factual basis for Petitioner's plea, which he entered "freely and voluntarily" and "with the advice of counsel." [*Id*. at 62]. Counsel asked the court to sentence Petitioner to ten years. [*Id*. at 63]. The State sought thirty to thirty-five years. [*Id*. at 64]. The court adjudicated Petitioner guilty and sentenced him to sixty months for Count 1, and 180 months for Counts 2 and 3, all set to run concurrently with each other, with 573 days credit for time served. [*Id*. at 64-66; ECF No. 9-1 at 60-66].

Petitioner appealed to the Fourth District Court of Appeals ("Fourth DCA") in Case No. 4D15-4660. [*Id*. at 74-75, 77]. Petitioner raised one claim: the trial court erred in denying his motion to suppress because the police exceeded the scope of consent without probable cause. [*Id*. at 79-103; *see also* Petitioner's reply brief at 124-133]. As in the original hearing, Petitioner's appellate brief specifically

challenged the pat-down search. [*Id*. at 85-101]. On March 2, 2017, the appellate court affirmed the trial court, *per curiam* and without written opinion. *Smith v. State of Florida*, 224 So. 3d 238 (Fla. 4th DCA 2017). Petitioner did not further appeal.

### C.  Post-Conviction Proceedings

Just two months later, on May 1, 2017, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. [ECF No. 9-1 at 139-150]. There, Petitioner raised the same ineffective assistance of counsel claims he raises in the instant proceeding as Claims 1 through 3. [*Id*.]. The state court denied the motion finding the claims were without merit and otherwise controverted by the record. [*Id*. at 208-215]. Petitioner appealed the same claims to the Fourth DCA in Case No. 4D18-2392. [*Id*. at 217, 219-20; *see* Petitioner's appellate brief at 222-239]. The appellate court affirmed the denial of relief, *per curiam* and without written opinion, and issued the mandate on February 8, 2019. [*Id*. at 243]. *See Smith v. State of Florida*, 263 So. 3d 35 (Fla. 4th DCA 2019).

Petitioner filed his federal habeas petition on May 9, 2019. [ECF No. 1].

### IV.    Threshold Issues – Timeliness

Parties correctly agree the instant § 2254 petition is timely filed.

### V.    Standard of Review in § 2254 Cases

This Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110

Stat. 1214 (1996). *See Abdul–Kabir v. Quarterman*, 530 U.S. 233, 246 (2007); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9. (11th Cir. 2007). Thus, the "AEDPA limits the scope of federal habeas review of state court judgments." *Pittman v. Sec'y, Fla. Dep't of Corr.*, 871 F.3d 1231, 1243 (11th Cir. 2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" *Ledford*, 818 F.3d at 642 (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)) (quotation marks omitted)).

Therefore, a federal habeas court may grant habeas relief from a state court judgment only if the state court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). In that respect, the Eleventh Circuit has made clear that:

> [a] state court's decision rises to the level of an unreasonable application of federal law only where the ruling is 'objectively unreasonable, not merely wrong; even clear error will not suffice.' *Virginia v. LeBlanc*, 582 U.S. ___, ___, 137 S. Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (*per curiam*) (quoting *Woods v. Donald*, 575 U.S. ___, ___, 135 S. Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (*per curiam*)). This standard is "meant to be" a difficult one to meet. *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011).

*Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) *cert. den'd by Rimmer v. Jones*, 138 S. Ct. 2624 (June 11, 2018).

Federal courts "must also presume that 'a determination of a factual issue made by a State court [is] correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'" 28 U.S.C. § 2254(e)(1)." *Morrow v. Warden*, 886 F.3d 1138, 1147 (11th Cir. 2018). Further, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting *Bui v. Haley*, 321 F.3d 1304, 1312 (11th Cir. 2003)).

More recently, the Supreme Court of the United States in *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1605-06 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an irrebuttable presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation, the Supreme Court of the United States instructs that:

> [T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

*Wilson v. Sellers*, 138 S. Ct. at 1192. In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a

8

reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id.*

Moreover, the Supreme Court of the United States has repeatedly admonished that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Richter*, 562 U.S. at 102-03 (quotation marks omitted)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (acknowledging that Section 2254(d) places a difficult burden of proof on the petitioner); *Renico v. Lett*, 559 U.S. 766, 777 (2010) ("AEDPA prevents defendants and federal courts from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (Section 2254(d) "demands that state-court decisions be given the benefit of the doubt."). *See also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d at 1053 (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).

## VI.   Applicable Law

### A.  *Ineffective Assistance of Counsel & Guilty Plea Principles*

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Harrington v. Richter*, 562 U.S. 86, 104 (2011). If the movant cannot meet one of *Strickland's* prongs, the court does not need to address the other prong. *Strickland*, 466 U.S. at 697 (explaining a court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs).

The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In the context of guilty pleas, the prejudice prong requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59*; see also Lee*, 137 S. Ct. at 1965. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id*. at 74; *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) (stating that there is a strong presumption that the statements that a defendant made during a plea colloquy were true). *See also Lee v. Sec'y, Dep't of Corr.*, Case No. 17-15503-A, 2018 U.S. App. Lexis 35143 (11th Cir. Dec. 13, 2018).

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). With regard to the prejudice requirement, the movant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant, therefore, must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

It is beyond dispute that habeas petitioners and movants bear the burden of proof in habeas proceedings. *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008); *Hill v. Linaham*, 697 F.2d 1032, 1036 (11th Cir. 1983). Thus, by requiring habeas litigants to bear the burden of showing constitutional error, criminal proceedings are treated as "valid until proven otherwise." *Occhicone v. Crosby*, 455 F.3d 1306, 1310 (11th Cir. 2006).

Ineffective assistance of counsel claims where the allegations are too general, too conclusory, or too vague do not warrant relief. *See, e.g., Price v. Allen*, 679 F.3d 1315, 1325 (11th Cir. 2012) (reaching this conclusion in a § 2254 context). Denying on this basis is appropriate because, unlike the "notice pleading" standard authorized under Fed. R. Civ. P. 8, a "heightened pleading" requirement exists in § 2254 and § 2255 proceedings. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). To meet this heightened pleading standard, of course, the habeas petition or motion to vacate must be specific on factual matters. *See id.* Bare, conclusory, allegations of ineffective assistance do not satisfy *Strickland. See Boyd v. Comm'r, Ala. Dep't of Corr.,* 697 F.3d 1320 (11th Cir. 2012). *See also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

## VII.   Discussion

### A.  Claim 1 – Counsel Did Argue in the Motion to Suppress the Officer Lacked Probable Cause or Exceeded the Scope of a Pat-Down Search

In **Claim 1,** Petitioner claims, counsel failed to argue in the motion to suppress that the officer did not have probable cause and exceeded the limits of the scope of a pat-down search when the officer removed "the squishy ball" object from inside Petitioner's shorts. [ECF No. 1 at 4-6]. The State correctly argues that Petitioner's claims are controverted by the record or otherwise fails because he cannot demonstrate that his guilty plea was otherwise involuntary. [ECF No. 8 at 12-14]. The State maintains that the state court decisions were not contrary to nor an unreasonable application of federal law. [*Id.* at 14]. In his reply, Petitioner repeats his claim and insists counsel "never" made the argument. [ECF No. 13 at 2-5].

Petitioner's claim is controverted by the record. As narrated above, counsel's motion to dismiss alleged that the officer exceeded the scope of the consent search by reaching into Petitioner's pants and removing a bundle which contained drugs. [ECF No. 9-1 at 16-17]. During the suppression hearing, counsel specifically cross-examined Officer Saucedo regarding the scope of consent, the pat-down search, and the "squishy ball." [ECF No. 10-1 at 12-25, 28-31, 46-48]. Ultimately, the court denied the motion. [*Id.* at 52]. In fact, Petitioner's specific argument was preserved and raised on direct appeal. [ECF No. 9-1 at 124-133]. The Fourth DCA affirmed. *Smith v. State of Florida*, 224 So. 3d 238 (Fla. 4th DCA 2017). Petitioner also raised

13

this claim in his Rule 3.850 motion, which was denied and affirmed on appeal. *Smith v. State of Florida*, 263 So. 3d 35 (Fla. 4th DCA 2019).

Petitioner cannot satisfy the deficiency prong of *Strickland* because counsel made the argument. More importantly, Petitioner cannot demonstrate prejudice because he presents no facts to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[1] *Hill*, 474 U.S. at 59*; see also Lee*, 137 S. Ct. at 1965. The state courts' decisions were not contrary to or an unreasonable application of federal law. Accordingly, **Claim 1** should be DENIED.

### B. *Claim 2 – Counsel is Not Ineffective for Failing to Present Video Evidence that Does Not Exist*

In **Claim 2**, Petitioner claims counsel failed to present video evidence from the dash camera which would have shown the police exceeded the scope of the pat-down search. [ECF No. 1 at 6-8]. The State asserts that the record demonstrates there was no such evidence and the claim is speculative; therefore, counsel could not be ineffective. [ECF No. 8 at 14-16]. The State also maintains that the state court

---

[1] Movant is cautioned that arguments not raised by Movant before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Here, if Movant attempts to raise a new claim or argument in objections, the Court should exercise its discretion and decline to address the newly-raised arguments.

decisions were not contrary to nor an unreasonable application of federal law. [*Id*. at 16]. Petitioner restates his claim in his reply. [ECF No. 13 at 5-7].

Petitioner's claim fails. On November 5, 2015, the trial court held a *Nelson*[2] hearing. [ECF No. 10-2 at 1-28]. Petitioner wanted to discharge his counsel, Ms. Duteau, for making racist comments, lying to him, and failing to show him the video evidence from the police dash camera. [*Id*. at 4-7]. Counsel testified that she reviewed the discovery turned over to her by both the State and Petitioner's prior counsel (Mr. Berg, who represented Petitioner at the suppression hearing) but there was never any video evidence only photographs. [*Id*. at 15-21]. She admitted that she initially thought there was video evidence because she received discs but upon review learned the discs only contained photographs. [*Id*.]. The court informed Petitioner that if he wanted to go to trial, his counsel could cross-examine the witness and determine whether there was video evidence. [*Id*. at 22]. The court found there was no evidence of any video and found Ms. Duteau competent to remain on the case. [*Id*. at 24-26]. Still, Petitioner chose to enter a free and voluntary plea rather than assert his right to trial and to confront witnesses.

Counsel is not ineffective for failing to present evidence that does not exist. Accordingly, Petitioner cannot satisfy the deficiency prong of *Strickland*. The state

---

[2] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973) (requiring the trial judge to make certain inquiries when a defendant asks to discharge appointed counsel).

court found the same [ECF No. 9-1 at 211-212] and was affirmed on appeal. *Smith v. State of Florida*, 263 So. 3d 35 (Fla. 4th DCA 2019). Moreover, Petitioner cannot demonstrate prejudice, that is -- but for counsel's error, he would not have pled guilty and pursued a trial. *Hill*, 474 U.S. at 59; *see also Lee*, 137 S. Ct. at 1965. The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted). Double deference is due. The state court decisions are not contrary to nor an unreasonable application of federal law. **Claim 2** should be DENIED.

### C. Claim 3 – Petitioner's Claim that Counsel Made Assurances He Would Not Receive More Than Ten Years in Prison is Controverted by the Record

In **Claim 3**, Petitioner claims, that counsel misadvised by telling him he would not receive more than ten years in prison if he pled guilty. [ECF No. 1 at 8-10]. The State asserts that the plea form contained no agreement to a finite sentence; and, in fact, Petitioner faced up to thirty-five years in prison. [ECF No. 8 at 17]. In addition, the State maintains that Petitioner's assertions at his plea hearing contradict this claim. [*Id.*]. The State claims that the state courts decisions are not contrary to nor an unreasonable application of federal law. [*Id.* at 19]. Petitioner restates his claim in his reply. [ECF No. 13 at 7-8].

Petitioner's claim is controverted by the record. As narrated above, Petitioner's plea agreement acknowledges his understanding that the court could

16

sentence him up to the maximum penalty by law, in this case, up to thirty-five years. [ECF No. 9-1 at 55]. At his plea hearing, the court informed him of the maximum sentences, including the thirty-five year maximum. [ECF No. 10-1 at 55-56]. Petitioner confirmed his understanding, verified he discussed it with counsel, and did not need any additional time to confer with counsel. [*Id*. at 55-56, 59]. Accordingly, Petitioner was on notice he was subject to a sentence greater than ten years, particularly where the court told him he would not do better than fifteen years here. [*Id*. at 57]. Still, counsel asked for ten years on his behalf, but the court sentenced Petitioner to 180 months. [*Id*. at 63]. Most importantly, Petitioner agreed to enter the plea "regardless of the recommendations of [his] lawyer and the State Attorney, [and] the court may sentence [him] to any legal sentence, including the maximum sentence by law." [ECF No. 9-1 at 53].

The state court made these same findings and denied relief (ECF No. 9-1 at 212-13]; and the Fourth DCA affirmed. Petitioner cannot satisfy the deficiency prong of *Strickland*. More importantly, even if counsel did make such an assurance, Petitioner cannot show prejudice, that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59*; see also Lee*, 137 S. Ct. at 1965. Petitioner faced thirty-five years if he lost at trial. Here, he was sentenced to less than half of that -- 180 months. Petitioner is bound by his sworn assertions at his plea hearing.

*Blackledge v. Allison*, 431 U.S. at 73-74. The Court presumes that his statements made during his plea colloquy were true. *Medlock*, 12 F.3d at 187.

Double deference is due. *Harrington v. Richter*, 562 U.S. at 105. **Claim 3** is without merit and should be DENIED.

### D. Claim 4 – Petitioner's Fourth Amendment Claim is Procedurally Barred

In **Claim 4**, Petitioner claims the trial court erred in denying his motion to suppress evidence based on an illegal pat-down search not supported by probable cause. [ECF No. 1 at 4-6]. The State correctly asserts the claim challenging the trial court's determination of the Fourth Amendment issue is procedurally barred per *Stone v. Powell*, 428 U.S. 465, 494 (1976). [ECF No. 8 at 19]. Alternatively, the State asserts the claim fails on the merits. [*Id*. at 20-25]. In his reply, Petitioner "stands by his argument" but ignores the issue of the procedural bar. [ECF No. 13 at 8-9].

It is well settled that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991) (internal citations omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. (internal citations omitted). "Misapplication of state evidentiary rules does not justify habeas relief unless the error is of such magnitude

18

as to render the trial fundamentally unfair and thus violative of due process."
*DeBenedictis v. Wainwright*, 674 F.2d 841, 843 (11th Cir. 1982). Moreover, the
Supreme Court of the United States has held that "where the State has provided an
opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner
may not be granted federal habeas corpus relief on the ground that evidence obtained
in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S.
at 494.

Here, it is clear Petitioner made use of his full and fair opportunity to litigate
his Fourth Amendment claim in state court. As narrated above, counsel filed a
motion to suppress in the trial court; and the court held a suppression hearing. The
state court made explicit factual findings that the search was not illegal. On direct
appeal, the Fourth DCA summarily affirmed the trial court's decision. *Smith v. State
of Florida*, 224 So. 3d 238 (Fla. 4th DCA 2017). Petitioner chose not to appeal to
either the Florida Supreme Court or the Supreme Court of the United States.
Petitioner also raised the issue in his Rule 3.850 motion, which was denied and
affirmed on appeal.

Because Petitioner cannot demonstrate that he was not given a full and fair
opportunity to litigate his Fourth Amendment claim in state court, **Claim 4** is now
barred in this federal habeas proceeding. *Stone*, 428 U.S. at 494.

## VIII.    Evidentiary Hearing

Petitioner is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Petitioner has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Townsend v. Sain*, 372 U.S. 293, 307 (1963); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989), *citing*, *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979) (holding that § 2255 does not require that the district court hold an evidentiary hearing every time a Section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## IX.    Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus had no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only

if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon consideration of the record, this Court should deny a certificate of appealability. Reasonable jurists would not debate Petitioner's claim that his plea was invalid. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Court Judge in objections.

## X.    Recommendations

Based upon the foregoing, it is recommended that this § 2254 petition be DENIED, that NO certificate of appealability issue, and that the case be CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and

will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28

U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

      SIGNED this 22nd day of July, 2020.

      UNITED STATES MAGISTRATE JUDGE

cc:    Ben Jermaine Smith
       633268
       Santa Rosa Correctional Institution
       Inmate Mail/Parcels
       5850 East Milton Road
       Milton, FL 32583
       PRO SE

       Paul Patti, III
       Florida Office of the Attorney General
       Criminal Appeals
       1515 N. Flagler Drive, Ste. 900
       West Palm Beach, FL 33401-3428
       Tel: (561) 837-5016
       Fax: (561) 837-5108
       Email: paul.patti@myfloridalegal.com